**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

CIVIL ACTION NO. 05-CV-443-JBC

GARY JOHN ESCHMAN                                                                                    PETITIONER

VS:                                   **MEMORANDUM OPINION AND ORDER**

FEDERAL BUREAU OF PRISONS                                                               RESPONDENT

**INTRODUCTION**

Gary John Eschman, an individual presently confined at the Federal Medical Center (FMC) in Lexington, Kentucky, has submitted a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has paid the $5.00 district court filing fee.

This matter is before the court for screening. 28 U.S.C. § 2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571, 577 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and liberally construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

**BACKGROUND**

1

On February 4, 2000, the petitioner was convicted in the United States District Court for the Southern District of Illinois of (1) conspiracy to manufacture and possess with intent to distribute methamphetamine under 21 U.S.C. § 846(a)(1); (2) maintaining a residence for manufacturing methamphetamine under 21 U.S.C. § 856; and (3) being a felon in possession of a firearm under 18 U.S.C. § 9220. *United States v. Gary John Eschman*, 99-CR-30066-DRH (Dkts. 81, 85).

In his present petition, filed October 24, 2005, Petitioner asserts that the Bureau of Prisons ("BOP") is incorrectly computing his good conduct time ("GCT") under 18 U.S.C. § 3624(b). Under the BOP calculation, Petitioner asserts that a prisoner may receive 47 days of GCT for each year of time served. Petitioner asserts that the only permissible construction of the statute is that a prisoner must receive 54 days of GCT for each year of the prison term imposed at the time of sentencing. Petitioner further asserts that BOP's application of the GCT statute violates his due process rights under the Fifth Amendment, but offers no explanation as to the manner in which his rights are violated.

Petitioner indicates that he has made no effort to informally or formally resolve the issues raised in his petition with the Bureau of Prisons. Petitioner asserts that the exhaustion requirements of 42 U.S.C. § 1997e(a) do not apply to habeas corpus petitions filed under 28 U.S.C. § 2241, citing *Mayberry v. Pittiford*, 74 Fed.Appx. 299 (5th Cir. 2003). Petitioner acknowledges the judicially created exhaustion requirement, but asserts that the exception for "patently futile" efforts to exhaust administrative remedies applies here in light of the BOP's established policy applying the GCT statute

2

at 28 C.F.R. § 523.20, citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Moreland v. Federal Bureau of Prisons*, 363 F.Supp. 2d 882, 885 (S.D.Tex. 2005).

## EXHAUSTION

The exhaustion requirements of 42 U.S.C. § 1997e(a) do not apply habeas petitions filed under 28 U.S.C. § 2241. *Colton v. Ashcroft*, 299 F.Supp.2d 681 (E.D.Ky. 2004); *Graham v. Snyder*, 68 Fed.Appx. 589 (6th Cir. 2003); *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). The courts imply a judge-made requirement that a federal prisoner filing a habeas corpus petition under 28 U.S.C. § 2241 exhaust his or her administrative remedies. *United States v. Oglesby,* 52 Fed.Appx. 712, *714, 2002 WL 31770320 (6th Cir. 2002) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996)); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981).

However, this judicially created exhaustion requirement is excused if the prisoner can demonstrate that pursuing administrative remedies would be futile. *Aaron v. LaManna*, 4 Fed.Appx. 232, 2001 WL 128349 (6th Cir. (Ohio)) (citing *See McKart v. United States*, 395 U.S. 185, 200 (1969); *Goar v. Civiletti*, 688 F.2d 27, 28-29 (6th Cir. 1982)). A petitioner can demonstrate the futility of administrative appeals where the agency "has evidenced a strong position on the issue together with an unwillingness to reconsider." *James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1339 (D.C. Cir. 1987).

As previously noted, petitioner has not utilized the BOP's mechanism for

administrative review set forth at 28 C.F.R. § 542.10-.19. Ordinarily this failure to exhaust available administrative remedies would be fatal to petitioner's claims. However, in light of the BOP's consistent adherence to its announced construction of 18 U.S.C. § 3624(b) at 28 C.F.R. § 523.20 and Program Statement 5880.28, the court concludes that the BOP's position on the matter is established and it would be unwilling to reconsider that position as a result of an administrative appeal. Accordingly, any effort by Petitioner to invoke the BOP grievance procedure would be futile, and the court deems the exhaustion requirement satisfied. *James v. United States Dept. of Health and Human Services,* 824 F.2d 1132, 1339 (D.C. Cir. 1987); *Aaron v. LaManna*, 4 Fed.Appx. 232, 2001 WL 128349 (6th Cir. (Ohio)); *Goar v. Civiletti*, 688 F.2d 27, 28-29 (6th Cir. 1982).

## **CALCULATION OF GOOD CONDUCT TIME**

The petitioner avers that the BOP's calculation of GCT at a maximum rate of 47 days per year contradicts the plain meaning of 18 U.S.C. § 3624(b), which expressly allows for up to 54 days of GCT per year. In support of his position, Petitioner argues that (1) the phrase "term of imprisonment"in the statute must be informed by Congress's use of the phrase elsewhere; (2) the BOP's interpretation of the statute is not entitled to deference under *Chevron*; (3) his interpretation should be favored under the "rule of lenity"; and (4) the BOP's application of the statute violates his right to due process under the Fifth Amendment to the Constitution of the United States.

4

The GCT statute provides:

… a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. …

18 U.S.C. § 3624(b)(1).

Petitioner's reading of the statute has been endorsed by three district courts, but those holdings have been either reversed on direct appeal or subsequently overruled by the court of appeals for the circuit in which the district court sits. *Moreland v. Federal Bureau of Prisons*, 363 F.Supp.2d 882 (S.D. Tex.), *rev'd*, 2005 WL 3030414 (C.A.5 (Tex.)); *White v. Scibana*, 314 F.Supp.2d 834 (W.D.Wis.), *rev'd*, 390 F.3d 997 (7th Cir. 2004); *Williams v. Dewalt*, 351 F.Supp.2d 412 (D. Md. 2004), *overruled by Yi v. Federal Bureau of Prisons*, 412 F.3d 526 (4th Cir. 2005). Petitioner's position has also been rejected by three other circuit courts of appeal. *Perez-Olivo v. Chavez*, 394 F.3d 45 (1st Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1268-69 (9th Cir. 2001); *O'Donald v. Johns*, 402 F.3d 172 (4th Cir. 2005). The Sixth Circuit has previously upheld the propriety of the BOP's method of calculating GCT in two unpublished dispositions, *Brown v. Hemingway*, 53 Fed.Appx. 338, 339, 2002 WL 31845147 (6th Cir. 2002) (unpublished decision); *Williams v. Lamanna*, 20 Fed.Appx. 360, 361, 2001 WL 1136069 (6th Cir. 2001) (unpublished decision), and recently in a published opinion, *Petty v. Stine*, 424 F.3d 509 (6th Cir.

5

2005). The court concurs with the well-established precedent in the Sixth Circuit and other circuit courts of appeal in concluding that the BOP's calculation of GCT fully comports with 18 U.S.C. § 3624(b)(1).

Petitioner's non-specific allegation that the BOP's implementation of the GCT statute somehow violates his due process rights under the Fifth Amendment also fails. Petitioner's failure to support his claim with any facts fails to satisfy even the minimal pleading requirements demanded of *pro se* pleadings and therefore must be dismissed. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Sandin v. Conner*, 515 U.S. 472 (1995); *Greenholtz v. Inmates of the Nebraska Penal Corr. Complex*, 442 U.S. 1, 7 (1979).

## **CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Eschman's petition for writ of habeas corpus is **DENIED**, *sua sponte*;

(2) the action herein will be **DISMISSED** from the docket of the Court, and judgment shall be entered contemporaneously with this memorandum opinion and order in favor of the respondent.

**Signed on February 21, 2006**



/s/ JENNIFER B. COFFMAN
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY